UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD, in his official capacity as Executive Director, Plaintiffs, | C.A. No. CA 04 124 T |
| v. | |
| CLASSIC COACH, INC. Defendant. | |

**COMPLAINT**

Introduction

1. This is an action to compel payments of contributions, interest, and penalties to an employee welfare benefit plan, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq.

Parties and Jurisdiction

2. Plaintiff Teamsters Local 251 Health Services and Insurance Plan ("Local 251 HSIP" or "the Fund") is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. §1002(1).

3. Plaintiff Paul A. MacDonald is the Executive Director of Local 251 HSIP.

4. Defendant Classic Coach, Inc. ("Classic Coach"), is a corporation organized under the laws of State of Rhode Island, having its principal place of business in West Greenwich, Rhode Island. Defendant has the requisite minimum contacts with the State of Rhode Island.



(1)

5. Jurisdiction is rested upon ERISA, 29 U.S.C. §1132(e).

Facts

6. Local 251 HSIP was established to provide various types of insurance benefits, including medical, life, and disability, for Teamsters Local 251 members. The Fund is administered by a Board of Trustees consisting of management and union trustees.

7. Insurance benefits as aforesaid are financed in part by employer contributions. The contribution rate is set by the collective bargaining agreement between Teamsters Local 251 and each employer.

8. The rights and obligations of Local 251 HSIP and defendant are set forth in the Agreement and Declaration of Trust ("Trust Agreement").

9. The Trust Agreement provides, in relevant part, that defendant shall submit timely payroll reports of contributions, promptly pay contributions, and pay penalties and interest when in default.

10. Defendant Classic Coach is party to a collective bargaining agreement which provides, in relevant part, that it shall comply with the terms of the Trust Agreement as aforesaid.

11. Notwithstanding the aforesaid obligations, defendant has:

(a) Failed to submit <u>any</u> payroll reports to Local 251 HSIP for the period of November 2003 through the present;

(b) Failed to submit timely payroll reports to Local 251 HSIP for the period of November 2003 through the present;

(c) Failed to make <u>any</u> contributions to Local 251 HSIP for the period of November 2003 through the present;

(d) Failed to make timely contributions to Local 251 HSIP for the period of November 2003 through the present; and

(e) Otherwise failed to comply with the terms and conditions of the Trust Agreement.

12. By the aforesaid acts and omissions, defendant has violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

WHEREFORE, Plaintiffs pray that this Honorable Court:

(a) Award Teamsters Local 251 HSIP the unpaid contributions, interest on the unpaid contributions, double interest, liquidated damages, punitive damages and attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2); and

(b) Order such other relief as the Court deems just and proper.

Respectfully submitted,
On behalf of the Plaintiffs,
By their attorney,

Marc B. Gursky, Esq. (#2818)
Jennifer Azevedo, Esq. (#6462)
GURSKY LAW ASSOCIATES
18 Imperial Place, Suite 1D
Providence, RI 02903
Tel. (401) 454-7400
Fax (401) 621-8553

Dated: April 9, 2004