UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD, in his official capacity as Executive Director, Plaintiffs | : | |
| v. | : | CA 04-124 T |
| CLASSIC COACH, INC., Defendant | : | |

**ORDER REQUIRING JOHN GAUVIN TO SHOW CAUSE**

On November 25, 2005, this court issued an Order which commanded John Gauvin ("Mr. Gauvin"), as keeper of the records for Classic Coach, Inc., to appear and submit to examination at a supplementary proceeding to be held on December 20, 2005. See Order for Appearance of Judgment Debtor for Examination as to Property Subject to Execution (Document ("Doc.") #17); see also Docket. Prior to the scheduled supplementary proceeding, Mr. Gauvin contacted Plaintiffs' counsel, Elizabeth Wiens ("Attorney Wiens") and requested that the matter be rescheduled because he was ill. See Tape of 1/23/06 Hearing. Attorney Wiens acceded to Mr. Gauvin's request, and the supplementary proceeding was rescheduled for 10:00 a.m. on January 23, 2006. See id. Attorney Wiens provided Mr. Gauvin with notice of the January 23, 2006, date. See id.

Mr. Gauvin failed to appear for the January 23, 2006, hearing, and he did not contact either Attorney Wiens or the court. See id. On February 6, 2006, Plaintiffs filed a motion for attorneys' fees and a body attachment against John Gauvin. See Plaintiffs' Motion for Attorneys' Fees and Body Attachment against John Gauvin (Doc. #18). A copy of this motion is attached to this Order.

Accordingly, **John Gauvin is hereby ordered to appear at 10:00 a.m. on Thursday, March 2, 2006,** in Courtroom B, second floor, Pastore Building, Two Exchange Terrace, Providence, Rhode Island, **and show cause: 1) why he should not be adjudged in contempt for his failure to appear at the January 23, 2006, supplementary proceeding and 2) why Plaintiffs' motion for attorneys' fees and a body attachment should not be granted.**

So Ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
February 15, 2006

BY ORDER:

Deputy Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TEAMSTERS LOCAL 251 HSIP, ET. AL<br>*Plaintiffs*,<br><br>v.<br><br>CLASSIC COACH, INC.<br>*Defendant*. | : | C.A. 04-124T |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND BODY ATTACHMENT AGAINST JOHN GAUVIN**

Plaintiffs Teamsters Local 251 HSIP, et. al. request that this Honorable Court order John Gauvin to reimburse Plaintiffs for their attorneys' fees accrued as a result of Mr. Gauvin's failure to appear at a citation hearing before this Court on January 23, 2006. Plaintiffs also request that this Court compel Mr. Gauvin's attendance at a citation hearing by issuing a body attachment against him.

Federal Rules of Civil Procedure 69 provides that "proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held." Rhode Island General Laws § 9-28-4 provides

> A judgment debtor upon whom the citation shall be served as provided in § 9-28-3 shall be obliged to appear in court in person in response to the citation as therein commanded, and for failure to so appear, *may be proceeded against as provided by chapter 17 of this title in the case of a witness duly summoned who fails to appear as commanded.*

(Emphasis added). John Gauvin failed to appear before this Court on January 23, 2006. Accordingly, Plaintiffs invoke chapter 17 remedies. Rhode Island General Laws § 9-17-11 provides that "every witness who does not appear to the tenor of the subpoena, and has no reasonably excuse for his or her nonappearance, shall be liable to an action by the

RECEIVED
FEB 9 2006
DAVID L. MARTIN, U.S. MAGISTRATE JUDGE
U.S. DISTRICT COURT, DISTRICT OF RHODE ISLAND

Martin

2/8/06

aggrieved party for all damages sustained in consequence of the default." Plaintiffs have accrued attorneys' fees in the amount of $712.50, see Affidavit of Elizabeth Wiens, attached, due to Mr. Gauvin's default. Plaintiffs request that Mr. Gauvin be ordered to pay this amount.

Moreover, pursuant to R.I.G.L. § 9-17-7, this Court "may compel his ... attendance by writ of attachment, fine him or her not exceeding twenty dollars ($20.00), and order him... to pay the costs of the attachment and to be committed to the adult correctional institutions until the fine and costs are paid." A writ of attachment is enclosed herein. Plaintiffs request that this Court grant its motion for attachment and order John Gauvin to appear for a citation hearing and pay the aforementioned attorneys' fees or be committed to the adult correctional institution.

Respectfully submitted,
On behalf of Plaintiff,
By its attorney,

Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that I caused a copy of the foregoing to be sent pre-paid, first-class mail, on this 2 day of February, 2006, to the following party of record:

John Gauvin, as Keeper of the Records for Classic Coach
2030 Nooseneck Hill Rd.
Coventry, RI 02816

Kerrie Karwoski