UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD, in his official capacity as Executive Director, Plaintiffs | : | |
| v. | : | CA 04-124 T |
| CLASSIC COACH, INC., Defendant | : | |

**ORDER**
**GRANTING MOTION FOR**
**ATTORNEYS' FEES AND BODY ATTACHMENT**

Before the court is Plaintiffs' Motion for Attorneys' Fees and Body Attachment against John Gauvin (Document ("Doc.") #18) (the "Motion"). This matter has been referred to me for determination. For the reasons stated below, no hearing is necessary.

On April 19, 2005, Plaintiffs' Motion for Entry of Judgment by Default (Doc. #7) was granted by the court. See Order (Doc. #9). That same day the clerk entered judgment by default for Plaintiffs in the amount of $37,703.68. See Judgment (Doc. #10). On June 15, 2005, a writ of execution was issued. See Motion and Notice for Judgment Debtor's Appearance for Examination as to Property Subject to Execution (Doc. #16) ("Motion for Examination"), Attachment ("Att.") 1 (Affidavit in Support of Motion for Judgment Debtor's Appearance for Examination as to Property Subject to Execution ("Wiens Aff. of 10/31/05")) ¶ 3. The writ of execution was returned unsatisfied on July 26, 2005. See Doc. #14.

Plaintiffs filed their Motion for Examination (Doc. #16) on November 1, 2005, supported by an affidavit from Plaintiffs'

counsel, Attorney Elizabeth Wiens ("Attorney Wiens"), see Wiens Aff. of 10/31/05. In her affidavit, Attorney Wiens swore that:

> 4. On August 14, 200[5],[1] Plaintiffs issued a subpoena duces tecum, ordering John Gauvin, as Keeper of the Records of Classic Coach, Inc., to appear at Plaintiffs' attorney's office on September 12, 2005. John Gauvin failed to appear and has not produced the requested documents.
>
> 5. As reflected by the official records of this court there is still due and owing from Classic Coach on the judgment damages of $37,703.68, excluding costs, attorneys' fees and interest. Classic Coach d/b/a Road Island Red also owes Plaintiffs $43,085.99 pursuant to a judgment of this Court on April 26, 2005 (See C.A. No. 04-352ML).

Wiens Aff. of 10/31/05 ¶¶ 4-5.

On November 25, 2005, the court granted the Motion for Examination. See Order for Appearance of Judgment Debtor for Examination as to Property Subject to Execution (Doc. #17) ("Order of 11/25/05"). **The Order of 11/25/05, which granted the Motion for Examination, commanded John Gauvin ("Mr. Gauvin") to appear and submit to examination at a supplementary proceeding to be held before the court on December 20, 2005.** See id. at 1. The court ordered that a copy of the Order of 11/25/05, together with the Motion for Examination and supporting affidavit from Attorney Wiens, was to be served upon Mr. Gauvin by December 9, 2005. See id. at 2.

The supplementary proceeding scheduled for December 20, 2005, was rescheduled to January 23, 2006. See Docket entry for 12/20/05. On January 23, 2006, Attorney Wiens appeared for the rescheduled hearing, but Mr. Gauvin did not. Attorney Wiens

---

[1] The court has corrected a typographical error as to the year when the subpoena duces tecum issued. The affidavit states the year as being 2004, but it is obvious from the context that the correct date is 2005.

advised the court: 1) that Mr. Gauvin had contacted her prior to the scheduled December 20, 2005, hearing and requested a continuance because he was ill; 2) that Mr. Gauvin had agreed to provide her with certain records but had not done so; 3) that she had sent him notice of the January 23, 2006, hearing; and 4) that both telephone numbers which Mr. Gauvin had given her (apparently at the time he had requested the continuance of the December 20, 2005, hearing) were invalid. Attorney Wiens requested that the court award attorneys' fees and costs for the work which Plaintiffs had performed in connection with the January 23, 2006, hearing and that the court issue a body attachment against Mr. Gauvin. See Tape of 1/23/06 Hearing. The court directed that Attorney Wiens file a written motion requesting this relief. See id.

On February 6, 2006, Plaintiffs filed the instant Motion, seeking reimbursement of "their attorneys' fees accrued as a result of Mr. Gauvin's failure to appear at a citation hearing before this Court on January 23, 2006," Motion at 1, and also requesting "that this Court compel Mr. Gauvin's attendance at a citation hearing by issuing a body attachment against him," id. The Motion was supported by an affidavit of Attorney Wiens in support of the request for an award of attorneys' fees in the amount of $712.50. See Affidavit of Elizabeth Wiens (Doc. #19) ("Wiens Aff. of 2/2/06") ¶ 4.

In order to give Mr. Gauvin a final opportunity to appear voluntarily prior to the issuance of a body attachment, the court on February 15, 2006, issued an order requiring him to appear on March 2, 2006, and show cause: 1) why he should not be adjudged in contempt for his failure to appear at the January 23, 2006, supplementary proceeding and 2) why Plaintiffs' motion for attorneys' fees and a body attachment should not be granted. See Order Requiring John Gauvin to Show Cause (Doc. #20) ("Order to

Show Cause"). The U.S. Marshals attempted to serve Mr. Gauvin with the Order to Show Cause, utilizing the address which he had provided to Attorney Wiens, namely 2030 Nooseneck Hill Road, Coventry, Rhode Island. However, the Marshals were unable to locate Mr. Gauvin at that address. Since service of the Order to Show Cause could not be effectuated, the Order was vacated on February 22, 2006. See Order Vacating Order to Show Cause (Doc. #21).

As lesser measures have been unsuccessful in obtaining Mr. Gauvin's compliance, the court concludes that Plaintiffs' request for attorneys' fees and a body attachment should be granted. Accordingly, the Motion is GRANTED. John Gauvin is ordered to pay Plaintiffs an attorneys' fee in the amount of $712.50 because of his failure to appear at the January 23, 2006, supplementary proceeding. In addition, a body attachment shall be issued for Mr. Gauvin.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
March 2, 2006

BY ORDER:

Deputy Clerk